(No. 83-CC-2182– )

EUGENE GREGORY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 14, 1988.*

*Order filed January 17, 1989.*

JAMES B. ROBERTS and MARTHA EASTER-WELLS, for Claimant.

NEIL F. HARTIGAN, Attorney General (JIM MAJORS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

Claimant, Eugene Gregory, an employee of Respondent's Department of Corrections, claims that he is

entitled to receive compensation for wrongful discharge by Respondent, including periods of time during which Civil Service Commission hearings regarding his discharge were continued at the request of Claimant.

Claimant was suspended pending discharge on June 6, 1981, and was discharged on July 6, 1981. As a result of a June 14, 1982, hearing before the Civil Service Commission which was made final on August 19, 1982, Claimant received a 90-day suspension and was reinstated to his position of Correctional Residence Counselor I as of September 6, 1981. Claimant was actually returned to the payroll beginning with the October 1-15, 1982, pay period. He also has received payment for the period between July 1, 1982, and September 30, 1982. Claimant is apparently therefore seeking payment for the period of September 6, 1981, until the hearing date of June 14, 1982, as well as for the period of June 15, 1982, through June 30, 1982.

The record indicates the hearing date was continued 10 times until it was held on June 14, 1982. Nine of the continuances were requested by the Claimant. The other continuance, asking that the hearing be continued from August 14, 1981, to August 25, 1981, was requested by Respondent.

The applicable rules of the Civil Service Commission require that employees who are determined to have been wrongfully discharged may receive full compensation for the period of the wrongful discharge.

The Civil Service Commission rule in question in this case provides as follows:

"Rule 21(4). The granting of a request for continuance by the employee in a Discharge Appeal will constitute a voluntary waiver by him of any claim to compensation for the period of such continuance, if he is ordered retained in his position."

There is no dispute that Claimant was retained in his

position, subject to a 90-day suspension, at the conclusion of the Civil Service Commission hearings. Further, there does not seem to be a dispute that Claimant would be entitled to compensation for periods of continuance occasioned by acts of Respondent. The parties disagree, however, on the application of Rule 21(4) as it applies to the facts in this case.

Claimant argues that the continuances sought by Claimant were sought as a result of pending criminal proceedings arising out of the same facts from which Claimant's discharge had occurred, which were allegedly wrongfully filed and pursued by Respondent's agents. Claimant made the tactical decision of moving to continue the Civil Service Commission hearings until criminal matters against Claimant were resolved. Thus, Claimant's testimony before the Civil Service Commission would not incriminate Claimant in the pending criminal proceedings. Claimant was placed on court supervision as a result of the criminal proceedings.

In support of Claimant's argument, Claimant cites a number of cases from this jurisdiction where employees sought reinstatement to jobs from which they were wrongfully discharged long after the separation of their employment. In each of the cases cited by Claimant, the employer argued that the suit was barred by the doctrine of *laches*. In each case, the Court found that the doctrine of *laches* did not apply and permitted the Claimants to continue their suits.

None of the cases cited by Claimant interpret the application of Rule 21(4) to facts similar to those in this case. Claimant urges this Court to create an exception to the application of Rule 21(4) where the continuances sought by a Claimant in civil service proceedings arise from reasons related to the alleged prior wrongful act of

Respondent. Claimant argues that if his continuances were caused by prior actions of Respondent in collateral proceedings, Rule 21(4) should not apply to bar his claim for back wages during those continuances.

This Court has determined before that in a case where Civil Service Commission hearings were continued at the request of the Claimant, Respondent is not required to pay back salary for the period of the continuance. (See *Reising v. State* (1975), 31 Ill. Ct. Cl. 173.) We cannot rewrite the rules of the Civil Service Commission in any case where a Claimant perceived the need to seek continuances before the Civil Service Commission because of real or imagined wrongful action on the part of the State or its employees. Such is obviously not the intent of the rules of the Civil Service Commission. Had the rulemakers for the Civil Service Commission chosen to soften the impact of Rule 21(4) with respect to continuances sought by Claimants as a result of Respondent's alleged wrongful actions, such language could have been included in the rules.

Based on the foregoing, we find that Claimant is not entitled to receive back salary from September 6, 1981, to June 14, 1982, since he requested all the continuances granted during that time. We also find that Claimant is entitled to receive his salary for the time period of June 15, 1982, through June 30, 1982. However, the record indicates that Claimant received unemployment benefits while he was waiting to be reinstated to his position. The record does not indicate how much unemployment benefits and mitigation income was received during the period of June 15, 1982, through June 30, 1982. The Court needs this information to determine the amount that needs to be set off from an award made to Claimant.

It is therefore hereby ordered that the parties file a

stipulation providing the information requested above within 30 days of the date of this order.

## ORDER

MONTANA, C.J.

This cause comes on to be heard pursuant to our opinion filed herein on July 14, 1988, and the parties' subsequent joint stipulation, due notice having been given, and the Court being advised;

It is hereby ordered that Claimant be, and hereby is, awarded the gross sum of $762.55 plus appropriate employer contributions and less appropriate employee deductions as more fully set forth in the appendix attached hereto and incorporated herein.

## APPENDIX A

Identification of the State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System:

| | |
|---|---|
| Employee's contribution to State Employees' Retirement System | 41.94 |
| Employee's contribution to FICA | 57.27 |
| State's contribution to State Employees' Retirement System | 48.04 |
| State's contribution to FICA | 57.27 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 152.51 |

To Illinois Department:

| | |
|---|---|
| Claimant's Illinois income tax | 19.06 |

To the Claimant:

| | |
|---|---|
| Net salary | 491.77 |

Total Award $867.86